IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00444-CMA-STV

TERRELL S. HUBBARD,

    Plaintiff,

v.

TOM NESTOR,
MICHAEL YOWELL,
WADE ADAMS,
DERIK MATTHESON, and
COLE BRITTON,

    Defendants.

# ORDER

Magistrate Judge Scott T. Varholak

    This civil action is before the Court on Plaintiff's Motion to Strike New Arguments and Affidavit Raised in Defendants' Reply in the Matter of Their Motion for Summary Judgment (the "Motion to Strike") [#165], which was referred to this Court for resolution [#167].  This Court has carefully considered the Motion to Strike and related briefing, the case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion to Strike.  For the following reasons, the Motion to Strike is **GRANTED IN PART** and **DENIED IN PART**.

I.      **Background**

Plaintiff brings claims for alleged violations of his Fourteenth Amendment right to Due Process and violation of his Fourth and Fifth Amendment rights while he was detained at the Lincoln County Jail.  [*See* #61 at 4-5]  On October 12, 2018, Defendants filed a Motion for Summary Judgment (the "Summary Judgment Motion") seeking summary judgment in their favor on all of Plaintiff's remaining claims in the lawsuit.  [#153]  More specifically, Defendants argue that (1) Plaintiff was not entitled to a hearing prior to being relocated within the Lincoln County Jail, because the relocation was related to maintaining the order, safety, and security of the jail, its staff, and other inmates; (2) Plaintiff's Fourth Amendment rights were not violated, because he did not have a reasonable expectation of privacy in his jail cell and he has not established the violation of any rights under the Fifth Amendment; (3) Plaintiff failed to exhaust his administrative remedies prior to bringing this lawsuit; (4) Defendants are entitled to qualified immunity; and (5) Defendant Sheriff Tom Nestor is not liable in his official capacity, because Plaintiff failed to prove any underlying constitutional violation and Sheriff Nestor is entitled to qualified immunity.  [*Id.*]  On November 11, 2018, Plaintiff filed his Response to Defendants' Motion for Summary Judgment (the "Summary Judgment Response").  [#157]  On December 3, 2018, Defendants filed their Reply in the Matter of Their Motion for Summary Judgment (the "Summary Judgment Reply").  [#164]  In support of the Summary Judgment Reply, Defendants submitted some additional deposition transcript excerpts and the Affidavit of Michael Yowell, the Captain of the Lincoln County Jail, dated December 3, 2018 (the "Yowell Affidavit").  [#164-1]

On December 24, 2018, Plaintiff filed the instant Motion to Strike, arguing that Defendants' Summary Judgment Reply and the Yowell Affidavit contain new arguments and evidence that were not raised in the Summary Judgment Motion and thus should be stricken. [#165] In the alternative, Plaintiff requests leave to file a sur-reply to address the new arguments. [*Id.* at 5-6] On January 14, 2019, Defendants filed a response to the Motion to Strike [#169], and Plaintiff then filed a reply in support of the Motion to Strike [#171].

## II. LEGAL STANDARD

As the Tenth Circuit has explained, the consideration by the Court of issues raised for the first time in a reply brief "robs the [other party] of the opportunity to demonstrate that the record does not support [the moving party's] factual assertions and to present an analysis of the pertinent legal precedent that may compel a contrary result." *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000). As a result, "arguments raised for the first time in a reply brief are generally deemed waived," *United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011), and district courts within the Tenth Circuit have granted motions to strike such newly raised arguments, *see Sarl v. Sprint Nextel Corp.*, No. CIV.A. 09-2269-CM, 2011 WL 346083, at *3 n.2 (D. Kan. Feb. 2, 2011) (collecting cases "stri[king] exhibits and arguments from [ ] reply brief[s] when the exhibits and discussion were raised for the first time in a reply brief"). If not stricken, the Tenth Circuit has instructed that "[g]enerally, the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply." *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005). In accord with these principles, Judge Arguello's Civil Practice Standards

3

expressly state that "[a] motion to strike another party's motion should not be filed when an opposing response could adequately address the issues presented by that party's motion." CMA Civ. Practice Standard 7.1A(a).

## III. ANALYSIS

Plaintiff's Motion to Strike argues that Defendants' Summary Judgment Reply and the Yowell Affidavit include new arguments not presented in Defendants' Summary Judgment Motion. [#165] Specifically, Plaintiff contends that (1) Defendants' Summary Judgment Reply argues for the first time that Plaintiff is "not a typical 'pre-trial detainee', in that he was a parolee (and, therefore, still a 'constructive prisoner')" [#165 at 4 (quoting #164 at 8-9)]; (2) the Yowell Affidavit contends for the first time that Lincoln County Jail supervisors "needed additional time to come up with a plan to manage [Plaintiff] given his behavior." [*id.* at 2 (quoting #164-1 at 12, ¶ 17)]; and (3) Defendants' Summary Judgment Reply includes new arguments for why Plaintiff's *Monell* claims should be dismissed [*id.* at 5 (citing #164 at 14-15)].[1] Plaintiff argues that Defendants' failure to include these arguments in the Summary Judgment Motion "strip[ped] [Plaintiff] of an opportunity to respond" to them. [*Id.* at 2-3] As a result, Plaintiff contends that the Court should strike these new arguments or, in the alternative, grant Plaintiff leave to file a sur-reply to

---

[1] The Motion to Strike also sought to strike Captain Yowell's testimony—and accompanying argument—that Plaintiff was "provided with notice as to why the location of his confinement was changed, each time the location of his confinement was changed." [#165 at 5 (quoting #164-1 at 12, ¶ 16)] "After reviewing Defendants' arguments regarding notice" in their opposition to the Motion to Strike, however, Plaintiff "withdr[ew] his motion to strike as it pertains to Defendants' arguments and affidavit regarding notice." [#171 at 3]

respond to them. [*Id.* at 3, 5-6] The Court addresses each of the challenged arguments in turn.

### A. Argument that Plaintiff Was a Parolee

In the Summary Judgment Reply, Defendants contend that "while Plaintiff was a pretrial detainee with respect to the criminal charge he received for making a 'shank' while being held in the Limon Correctional Facility, he was transported to the [Lincoln County] Jail as a parolee on his prior charges in order to face his new charge, and remained on that status while he was an inmate at the Jail." [#164 at 8] Defendants further note that "[i]n Colorado, 'a parolee is considered to be under a restraint imposed by law and is not a free person, but rather, a constructive prisoner of the state and under the control of the appropriate state officials.'" [*Id.* (quoting *People v. Gallegos*, 914 P.2d 449, 450 (Colo. App. 1995)] In response to the Motion to Strike, Defendants contend that this is not a new argument, because Defendants included the following undisputed fact in the Summary Judgment Motion: "Plaintiff was awaiting trial on a charge of 'possession of dangerous contraband,' from actions he allegedly took while an inmate at the Limon Correctional Facility" and also included a citation at the end of this statement referring to evidence that "clearly identifies that Plaintiff was paroled to the Lincoln County Jail and was, therefore, also a parolee." [#169 at 3] The Court finds this argument unpersuasive. Defendants cannot incorporate by reference into their motion every factual statement included in the cited evidence. Notably, neither the word "parole" nor "parolee" appear anywhere in Defendants' Summary Judgment Motion.

Even if the factual premise that Plaintiff was a parolee at the time he was detained at the Lincoln County Jail had been sufficiently set forth in the Summary Judgment Motion, Defendants failed to cite to any of the relevant legal authority included in the Summary Judgment Reply regarding the legal status of parolees. As this Court has previously explained in this case, the standard for a Fourteenth Amendment violation is different for pretrial detainees than for convicted prisoners: "'the Fourteenth Amendment's guarantee of due process prohibits *any* punishment of those awaiting trial,' whereas '[p]unishment may be constitutionally acceptable for persons convicted of crimes—at least so long as it doesn't amount to "cruel and unusual" punishment.'" [#61 at 10 (quoting *Blackmon v. Sutton*, 734 F.3d 1237, 1241 (10th Cir. 2013)] In their Summary Judgment Motion, Defendants analyze Plaintiff's Fourteenth Amendment claims solely under the standard applicable to pretrial detainees. [#153 at 10-15] To the extent Defendants intend—for the first time in their Summary Judgment Reply—to argue that the Fourteenth Amendment standards applicable to pretrial detainees do not apply to Plaintiff because he was a parolee at the time he was detained at the Lincoln County Jail, Defendants have waived this argument. See *Harrell*, 642 F.3d at 918 ("[A]rguments raised for the first time in a reply brief are generally deemed waived."). The Court further finds that this new argument cannot adequately be addressed by allowing Plaintiff to file a sur-reply because it introduces entirely new factual issues and legal theories into the case.

Accordingly, the Court GRANTS the Motion to Strike to the extent it seeks to strike Defendants' argument that "Plaintiff was not a typical 'pre-trial detainee', in that he was a parolee (and, therefore, still a 'constructive prisoner'), who was on pre-trial status for a

new charge" while detained at the Lincoln County Jail and that argument will not be considered by this Court in connection with Defendants' Summary Judgment Motion.

B.  **Argument that Jail Supervisors Required Additional Time**

In the Yowell Affidavit submitted with Defendants' Summary Judgment Reply, Captain Yowell testifies that Lincoln County Jail supervisors "needed additional time to come up with a plan to manage Plaintiff given his behavior." [#164-1 at 12, ¶ 17)] In response to the Motion to Strike, Defendants contend that "[t]his is not a new argument" but instead "[t]his fact directly rebuts Plaintiff's argument" contained in the Summary Judgment Response. [#169 at 7] In support, Defendants cite to a page of Plaintiff's response that includes a description of an encounter in which Defendant Deputy Wade Adams allegedly "add[ed] more time to [Plaintiff's] time in disciplinary segregation without giving him notice or an opportunity to be heard" after Deputy Adams found Plaintiff with "a shampoo bottle full of a red liquid." [#157 at 7]

The challenged statement regarding the jail supervisors requiring additional time is contained within a paragraph regarding Deputy Adams's response to finding Plaintiff with contraband. The paragraph states, in full:

> Plaintiff's stay in a T-cell was extended on one occasion by Deputy Adams due to concerns regarding Plaintiff's repeated violations of Jail policies regarding the possession of contraband. This action was necessary to preserve the safety and security of the Lincoln County Jail. After Deputy Adams brought this information to the attention of Jail supervisors, they needed additional time to come up with a plan to manage Plaintiff given his behavior.

[#164-1 at 12, ¶ 17)] Given this context, the Court agrees that Defendants' submission of Captain Yowell's testimony that the Lincoln County Jail supervisors "needed additional

7

time to come up with a plan to manage Plaintiff given his behavior" may fairly be construed as a response to the contention in Plaintiff's Summary Judgment Response that Deputy Adams punished Plaintiff for having a shampoo bottle with red liquid without providing Plaintiff due process. Given that this factual statement was not included in Defendants' Summary Judgment Motion, however, the Court finds it appropriate to provide Plaintiff an opportunity to file a sur-reply responding to Defendants' contention that Lincoln County Jail supervisors "needed additional time to come up with a plan to manage Plaintiff given his behavior."

### C. Arguments Regarding Plaintiff's *Monell* Claim

Plaintiff argues that Defendants' Summary Judgment Reply argues for the first time that Plaintiff "fails to assert a *Monell* claim, Defendants did not receive notice [of a *Monell* claim], and [Plaintiff] fails to establish a failure to train or supervise claim." [#171 at 3] Defendants' Summary Judgment Motion, however, argues that "Plaintiff's claim that Sheriff Nestor's policies and procedures led to Plaintiff's alleged Constitutional deprivation are groundless and this claim is subject to dismissal, as Plaintiff has failed to state a claim against him upon which relief can be granted." [#153 at 22] The lead sentence of Defendants' argument makes clear that this argument relates to Plaintiff's claim "against Defendant Nestor in his official capacity as the Sheriff of Lincoln County." [*Id.* at 21] In Plaintiff's Summary Judgment Response, he incorrectly contends that "Defendants have failed to address [Plaintiff's] *Monell* claim via Defendant Nestor's official capacity." [#157 at 19]

The parties thus appear to talk past one another in their briefing on the official capacity/*Monell* claim. Accordingly, although the Court disagrees that Defendants' arguments in the Summary Judgment Reply regarding Plaintiff's *Monell* claim are improper "new" arguments, the Court finds it appropriate to grant Plaintiff leave to file a sur-reply to respond to Defendants' arguments in the Summary Judgment Reply regarding Plaintiff's *Monell* claim.

## IV. PLAINTIFF'S RESPONSE TO STATEMENT OF MATERIAL FACTS

Upon review of the parties' briefing on Defendants' Summary Judgment Motion, the Court observes that the Section of Plaintiff's Summary Judgment Response that responds to Defendants' Statement of Material Facts denies many of the presented facts without explaining the denial or, more importantly, providing citations to the record evidence supporting his denial. [*See, e.g.*, #157 at 3, ¶ 6 (stating only "[w]ith respect to Defendants' Statement of Fact number seven, [Plaintiff] denies same)] Although the Court understands that Plaintiff's Summary Judgment Response provides citations to the record evidence in other portions of the brief, the Court prefers that Plaintiff directly and specifically respond to Defendants' Statements of Material Facts both to ensure that the parties have directly addressed each other's statements of relevant facts and to promote judicial economy.

Accordingly, Plaintiff shall file a revised response to Defendants' Statement of Material Facts that, for each disputed statement of fact, states the nature of the dispute and includes a specific reference to evidence in the record establishing that the fact is in dispute. To the extent Plaintiff believes that there are additional material facts that have

not been included in Defendants' Statement of Material Facts, Plaintiff shall set forth at the end of his response each additional material fact in a simple, declarative sentence supported by a specific reference to evidence in the record establishing that fact. Defendant shall then be permitted to file a response to Plaintiff's revised response to Defendants' Statement of Material Facts.

## V. CONCLUSION

For the foregoing reasons, **IT IS ORDERED**:

1. The Motion to Strike [# 165] is **GRANTED IN PART and DENIED IN PART**;

2. Defendants' argument that "Plaintiff was not a typical 'pre-trial detainee', in that he was a parolee (and, therefore, still a 'constructive prisoner'), who was on pre-trial status for a new charge" while detained at the Lincoln County Jail is STRICKEN from Defendants' Summary Judgment Reply;

3. On or before **February 8, 2019**, Plaintiff may file a sur-reply responding to (a) Defendants' contention that Lincoln County Jail supervisors "needed additional time to come up with a plan to manage Plaintiff given his behavior," and (b) Defendants' arguments in the Summary Judgment Reply addressing Plaintiff's *Monell* claim;

4. On or before **February 8, 2019**, Plaintiff shall file a revised response to Defendants' Statement of Material Facts (either as a separate document or included within the sur-reply if Plaintiff choses to file one) that (a) for each disputed statement of fact, states the nature of the dispute and includes a specific reference to evidence in the record establishing that the fact is in

dispute, and (b) sets forth at the end of the response any additional material facts, including a specific reference to evidence in the record establishing that fact; and

5. On or before **February 22, 2019**, Defendants shall file a response to Plaintiff's revised response to Defendants' Statement of Material Facts.

DATED: January 25, 2019					BY THE COURT:

						s/Scott T. Varholak_____
						United States Magistrate Judge