# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00444-CMA-STV

TERRELL S. HUBBARD,

    Plaintiff,

v.

TOM NESTOR,
MICHAEL YOWELL,
WADE ADAMS,
DERIK MATTHESON, and
COLE BRITTON,

    Defendants.

---

# ORDER

---

Magistrate Judge Scott T. Varholak

This civil action is before the Court on Defendants' Motion to Reconsider (the "Motion to Reconsider") [#174], which was referred to this Court for resolution [#175]. This Court has carefully considered the Motion to Reconsider and related briefing, the case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion to Reconsider. For the following reasons, the Motion to Reconsider is **GRANTED**.

## I.    Background

Plaintiff brings claims for alleged violations of his Fourteenth Amendment right to Due Process and violation of his Fourth and Fifth Amendment rights while he was detained at the Lincoln County Jail. [*See* #61 at 4-5] On October 12, 2018, Defendants filed a Motion for Summary Judgment (the "Summary Judgment Motion") seeking

summary judgment in their favor on all of Plaintiff's remaining claims in the lawsuit. [#153] More specifically, Defendants argue that (1) Plaintiff was not entitled to a hearing prior to being relocated within the Lincoln County Jail, because the relocation was related to maintaining the order, safety, and security of the jail, its staff, and other inmates; (2) Plaintiff's Fourth Amendment rights were not violated, because he did not have a reasonable expectation of privacy in his jail cell and he has not established the violation of any rights under the Fifth Amendment; (3) Plaintiff failed to exhaust his administrative remedies prior to bringing this lawsuit; (4) Defendants are entitled to qualified immunity; and (5) Defendant Sheriff Tom Nestor is not liable in his official capacity, because Plaintiff failed to prove any underlying constitutional violation and Sheriff Nestor is entitled to qualified immunity. [*Id.*] On November 11, 2018, Plaintiff filed his Response to Defendants' Motion for Summary Judgment (the "Summary Judgment Response"). [#157] On December 3, 2018, Defendants filed their Reply in the Matter of Their Motion for Summary Judgment (the "Summary Judgment Reply"). [#164]

On December 24, 2018, Plaintiff filed a Motion to Strike New Arguments and Affidavit Raised in Defendants' Reply in the Matter of Their Motion for Summary Judgment (the "Motion to Strike"), arguing that Defendants' Summary Judgment Reply contained new arguments and evidence that were not raised in the Summary Judgment Motion and thus should be stricken. [#165] On January 14, 2019, Defendants filed a response to the Motion to Strike [#169], and Plaintiff then filed a reply in support of the Motion to Strike [#171]. On January 25, 2019, this Court issued an Order granting in part and denying in part the Motion to Strike. [#172] Relevant to the instant Motion to Reconsider, the Court granted the Motion to Strike "to the extent it [sought] to strike

2

Defendants' argument that 'Plaintiff was not a typical "pre-trial detainee", in that he was a parolee (and, therefore, still a "constructive prisoner"), who was on pre-trial status for a new charge' while detained at the Lincoln Country Jail" and determined that the stricken argument "[would] not be considered by the Court in connection with Defendants' Summary Judgment Motion." [*Id.* at 6-7]

The entirety of Defendants' argument in the Summary Judgment Reply related to Plaintiff's parolee status (the "Parolee Argument") consists of the following two paragraphs:

> Defendants stress that, while Plaintiff was a pretrial detainee with respect to the criminal charge he received for making a "shank" while being held in the Limon Correctional Facility, he was transported to the Jail as a parolee on his prior charges in order to face his new charge, and remained on that status while he was an inmate at the Jail . . . In Colorado, "a parolee is considered to be under a restraint imposed by law and is not a free person, but rather, a constructive prisoner of the state and under the control of the appropriate state officials." *People v. Gallegos*, 914 P.2d 449, 450 (Colo. App. 1995).
>
> Plaintiff was not a typical "pre-trial detainee", in that he was a parolee (and, therefore, still a "constructive prisoner"), who was on pre-trial status for a new charge. It was not unreasonable for Jail officials to take that factor into account when managing Plaintiff's behavior. "Admittedly, prisoners do not shed all constitutional rights at the prison gate, but lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Connor*, 515 U.S. 472, 485 (1995) (internal citations omitted).

[#164 at 8-8]

On February 8, 2019, Defendants filed the instant Motion to Reconsider, which requests that the Court reconsider that portion of its January 25, 2019 Order that granted the Motion to Strike to the extent it sought to strike the Parolee Argument. [#174] On February 19, 2019, Plaintiff filed a response to the Motion to Reconsider [#179], and Defendants then filed a reply in support of the Motion to Reconsider [#185].

3

## II. LEGAL STANDARD

"The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration." *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv. II, LLC*, No. 14-cv-00134-PAB-KMT, 2015 WL 3542699, at *2 (D. Colo. June 5, 2015). Rather, "motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires." *Id.* Although a court has the authority to revisit and amend its interlocutory orders, judges in this district generally "have imposed limits on their broad discretion to revisit interlocutory orders." *Id.* Accordingly, in determining whether to revisit an interlocutory order, courts generally "consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error". *Id.* "Motions to reconsider are generally an inappropriate vehicle to advance 'new arguments, or supporting facts which were available at the time of the original motion.'" *Id.* (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

## III. ANALYSIS

In the Motion to Reconsider, Defendants offer two arguments in support of their contention that the Parolee Argument should not have been stricken by the Court. First, Defendants contend that, upon raising a defense of qualified immunity in their Motion for Summary Judgment, the burden shifted to Plaintiff to establish (1) a constitutional violation and (2) that the constitutional right at issue was "clearly established." [#174 at ¶¶ 11-12] As a result of this burden-shifting, Defendants argue that the waiver cases relied upon by Plaintiff in his Motion to Strike are inapplicable and Defendants' Parolee Argument is properly construed as a rebuttal to Plaintiff's arguments in the Summary Judgment Response in support of a constitutional violation. [*Id.* at 4] Second, Defendants contend that, because qualified immunity may be raised at any time prior to trial,

4

Defendants "could, hypothetically, submit an additional Motion for Summary Judgment on the stricken issue (which relates to qualified immunity) at any time." [*Id.* at ¶ 17] Defendants thus contend that "it would promote judicial economy, as well as adhere to this Court's purpose of the administration of justice, to resolve these issues in a single motion." [*Id.*] To the extent the Motion to Reconsider is granted, Defendants do not oppose the Court providing Plaintiff an opportunity to respond to the stricken Parolee Argument in a sur-reply. [*Id.* at ¶ 19]

As a preliminary matter, the Court notes that: (1) the Parolee Argument stricken from the Summary Judgment Reply was not specifically tied to Defendants' defense of qualified immunity—*e.g.*, the argument was not included in the qualified immunity section of the brief [*see* #164 at 3-7]; (2) Defendants do not argue that the Fourteenth Amendment standard applicable to pre-trial detainees does not apply because Plaintiff was a parolee at the time of the alleged violations; and (3) Defendants do not expressly argue that the constitutional right at issue was not clearly established because Plaintiff was both a parolee and a pre-trial detainee.[1] Instead, the thrust of Defendants' Parolee Argument is that "[i]t was not unreasonable for Jail officials to take [Plaintiff's parolee status] into account when managing Plaintiff's behavior." [#164 at 8-9]

In addition, the Court questions the soundness of Defendants' legal contentions that: (1) a defendant can never waive an argument related to a qualified immunity

---

[1] Similarly, Defendants' response to Plaintiff's Motion to Strike failed to make the burden-shifting argument central to their Motion to Reconsider and failed to cite several of the cases upon which they rely in the Motion to Reconsider. [*Compare* #174 *with* #169] Instead, Defendants' response to the Motion to Strike only generically stated that qualified immunity can be raised at any time, without application to any of the specific arguments Plaintiff sought to have stricken and without evaluating the implications of that general proposition on the potential waiver of specific arguments related to a qualified immunity defense that already had been raised. [#169 at 8]

5

defense; and (2) a defendant has an unlimited right to raise qualified immunity arguments in successive motions for summary judgment.[2] Ultimately, however, the Court concludes that it need not resolve these legal questions in the context of the instant Motion to Reconsider, because the Court exercises its discretion to reconsider its Order striking the Parolee Argument on other grounds. *See Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988) ("It is within the District Judge's discretion to revise his interlocutory orders prior to entry of final judgment.")

In striking the Parolee Argument, this Court previously concluded that the Parolee Argument "cannot adequately be addressed by allowing Plaintiff to file a sur-reply because it introduces entirely new factual issues and legal theories into the case." [#172 at 6] For purposes of responding to the Motion to Reconsider, Plaintiff "[did] not contest his status as a parolee." [#179 at 1 n.1] Although Plaintiff contends that consideration of the Parolee Argument "would require lengthy discovery" [*Id.* at 8], Plaintiff fails to identify any specific additional discovery that would be required to allow him to respond meaningfully to the Parolee Argument. Plaintiff has conceded that, at the time of the events at issue, he was a pretrial detainee at the Lincoln County Jail "awaiting trial on a charge of 'possession of dangerous contraband,' from actions allegedly taken while an inmate at the Limon Correctional Facility." [#153 at 2; #157 at 3] Plaintiff further has testified in this litigation that he was immediately transferred to the Lincoln County Jail when he was paroled from the Limon Correctional Facility. [#153-1 at 2; #164-1 at 2] The

---

[2] "A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim . . . Much of the value of summary judgment procedure . . . would be dissipated if a party were free to rely on one theory in an attempt to [succeed on] a motion for summary judgment and then, should that theory prove unsound, come back along thereafter and fight on the basis of some other theory." *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir.1994).

6

Court thus does not perceive any prejudice to Plaintiff that would result from introducing the new factual issue raised in the Parolee Argument into the summary judgment briefing.

Nor does the Court, after review of the briefing related to the Summary Judgment Motion, the Motion to Strike, and the Motion to Reconsider, perceive any significant prejudice to Plaintiff by allowing Defendants to proceed with the legal theory presented in the Parolee Argument. Given the limited length and scope of the Parolee Argument, as discussed above, and the extensive briefing on this issue that has already occurred, the Court finds that responding to the Parolee Argument in a sur-reply will not place an undue burden on Plaintiff.

The Court further concludes that proceeding to a recommendation on the Summary Judgment Motion without consideration of the Parolee Argument likely will result in further unnecessary briefing and delay. Regardless of the merits of Defendants' contention that they have the right to bring a subsequent motion for summary judgment on any stricken arguments, the Court agrees with Defendants that consideration of the Parolee Argument as part of this Court's consideration of the pending Summary Judgment Motion will promote judicial economy.

Accordingly, in the interests of efficiency and avoiding further delay, and because Plaintiff will not be significantly prejudiced, the Court grants the Motion to Reconsider and vacates its January 25, 2019 Order to the extent it struck the Parolee Argument. The Court will consider the Parolee Argument in its consideration of the Summary Judgment Motion and Plaintiff shall have until April 12, 2019 to file a sur-reply responding to the Parolee Argument.

**V. CONCLUSION**

For the foregoing reasons, **IT IS ORDERED**:

1. The Motion to Reconsider [#174] is **GRANTED**; and

2. On or before **April 8, 2019**, Plaintiff may file a sur-reply responding to the Parolee Argument in Defendants' Summary Judgment Reply.

DATED: March 25, 2019           BY THE COURT:

                                s/Scott T. Varholak
                                United States Magistrate Judge